RECEIVED
OCT 17 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHRISTOPHER ANDERSON | CIVIL ACTION: No. 12-1821 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE OF LOUISIANA THROUGH THE LA DEPARTMENT OF CORRECTIONS, WARDEN JODY MCJIMSEY, AND GUARD RODERICK E. ROBERTSON | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on behalf of Defendant Warden Jody McJimsey ("Warden McJimsey") on the grounds that the complaint does not state a claim against him. [Doc. 32]. Plaintiff Christopher Anderson opposes the motion. [Doc. 36]. For the reasons stated herein, Defendant McJimsey's motion is hereby **GRANTED**.

### I. BACKGROUND

This case arises from an alleged incident that took place between an inmate and a guard at the West Carroll Detention Center in Epps, Louisiana. [Doc. 1]. The West Carroll Detention Center is owned and operated by Defendant Emerald Correctional Management, L.L.C. Warden McJimsey was the warden of the West Carroll Detention Center at the time of the incident that is the basis of this lawsuit. [Doc. 32].

On July 3, 2012, Plaintiff Christopher Anderson, an inmate at the detention center, filed a complaint against Warden McJimsey, the State of Louisiana through the Louisiana Department of

1

Corrections,[1] and prison guard Roderick E. Robertson. [Doc. 1]. The Plaintiff argues that Defendant Robertson forced the Plaintiff to perform oral sex on Robertson on or about December 21, 2011 or December 23, 2011 at the West Carroll Parish Detention Center. [Doc. 1; 26]. The Plaintiff's original complaint alleged that all three defendants should be held liable under 42 U.S.C. § 1983 and for state law tort claims of rape, aggravated assault, battery, false arrest, intentional infliction of emotional distress, verbal abuse, mental distress, failure to train, and failure to properly supervise for the actions of Defendant Robertson. [Doc. 1].

On November 5, 2012, Warden McJimsey filed a motion to dismiss Plaintiff's original complaint for failure to state a claim, or, in the alternative, motion for summary judgment or motion for judgment on pleadings. [Doc. 5]. On May 10, 2013, the Plaintiff filed his first amending and supplemental complaint. [Doc. 26]. This Court denied Warden McJimsey's initial motion to dismiss [Doc. 5] because the motion did not address the additional allegations in the Plaintiff's first amending complaint. On June 5, 2013, Warden McJimsey filed the motion to dismiss that is now before this Court. [Doc. 32].

## II. LAW AND ANALYSIS

Warden McJimsey filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 32]. Specifically, Warden McJimsey argues that there is no supervisory liability under 42 U.S.C. § 1983 and that there are no allegations that he was the employer of Defendant Robertson or that Warden McJimsey was involved in the alleged incident in any way. [Doc. 32-1].

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim

---

[1]The State of Louisiana through the Louisiana Department of Corrections was dismissed from this lawsuit by this court on May 21, 2013. [Doc. 29].

2

for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed. R. Civ. P. 12(b)(6); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 550. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## A. Warden McJimsey's Liability Under 42 U.S.C. § 1983

Under Section 1983, supervisors such as Warden McJimsey are not liable for the actions of their subordinates unless there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if he implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Ultimately, this Court finds that the Plaintiff has not sufficiently alleged that Warden McJimsey was personally involved in the alleged constitutional deprivation. The Plaintiff broadly

argues that the warden should not be dismissed simply because he was the warden of the prison (i.e., he is liable only by virtue of his position). [Doc. 36]. These broad and conclusory allegations are devoid of facts sufficient to survive this motion.

Because this Court finds that the Plaintiff has not sufficiently alleged that Warden McJimsey was personally involved in or connected to the alleged constitutional deprivation, this case thus turns on whether Warden McJimsey is liable for failure to train or supervise. A plaintiff may establish Section 1983 liability against a supervisor for failure to supervise or train a subordinate only if that failure amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005), *citing City of Canton v. Harris*, 489 U.S. 378 (1989). "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege *with specificity* how a particular training program is defective." *Roberts*, 397 F.3d at 293 (emphasis added).

In this case, the Plaintiff has asserted only the most conclusory of claims that inadequate training or supervision had anything to do with the alleged violations of his constitutional rights. Much like the Plaintiff's arguments discussed earlier, the Plaintiff is basing his entire claim against Warden McJimsey on his position as warden, absent any specific allegations. The Plaintiff's complaint and first amending and supplemental complaint simply do not raise a reasonable inference that Warden McJimsey is liable for the alleged misconduct.

Furthermore, no particular deficiencies in training for the prison officers or deficiencies in supervision are described by the Plaintiff. Likewise, the Plaintiff provides no mention that any specific policy in effect at the West Carroll Detention Center was the moving force behind his alleged constitutional deprivation. The complaint, in this respect, is nothing but "an unadorned,

the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has said is inadequate. *Iqbal*, 556 U.S. at 678. Warden McJimsey is, therefore, entitled to be dismissed from this suit on this issue.

## B. Warden McJimsey's Vicarious Liability Under State Tort Claims

Warden McJimsey also argues that the Plaintiff has failed to allege facts that show that he was the actual employer of Defendant Robertson. [Doc. 32]. Under Louisiana law, an employer will be vicariously liable for the tortious acts of his employee if the acts occurred while the employee was in the course and scope of his employment. This liability arises pursuant to La. Civ.Code art. 2320, which states in part that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ. Code art. 2320. This Court agrees that the Plaintiff has not stated a proper claim for any state law tort under a theory of vicarious liability. The Plaintiff's complaint and first amending and supplemental complaint do not show that Warden McJimsey was the actual employer of Defendant Robertson. In fact, Warden McJimsey is specifically named "individually and as an employee of Emerald Correctional Management, L.L.C."[2] [Doc. 26]. This Court notes that the Plaintiff did not attempt to refute this argument in his memorandum in opposition to Warden McJimsey's motion to dismiss. [Doc. 36].

In addition, in the prison setting, Louisiana courts have held that it is the State, not the supervisor, who bears liability for the acts of its employee. *See Latullas v. State*, 658 So.2d 800, 804

---

[2] However, in the original complaint [Doc. 1], Warden McJimsey was listed "individually and as an employee of the West Carroll Parish State Detention Center)..." Warden McJimsey's employer was later changed to Emerald Correctional Management, L.L.C. in the Plaintiff's first amending and supplemental complaint. [Doc. 26].

(La.Ct.App.1995) (State, not warden, vicariously liable when DOC guard raped prison inmate); *Becnel v. Charlet*, 569 So.2d 9, 11 (La.Ct.App.1990) (State vicariously liable for acts of DOC prison guard). For these reasons, Warden McJimsey's motion to dismiss should be granted on this issue.

### III. CONCLUSION

IT IS ORDERED that Warden Jody McJimsey's Motion to Dismiss [Doc. 32] is hereby **GRANTED** and all claims against Warden McJimsey are dismissed with prejudice for failure to state a claim on which relief may be granted.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 17 day of October, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE